**AMERICAN INVESTORS CORPORATION, Appellant,**

v.

**Donald L. CONNETT, Appellee.**

**No. 20583.**

United States Court of Appeals
Fifth Circuit.

Oct. 13, 1964.

Rehearing Denied Nov. 23, 1964.

Charles J. O'Laughlin, Chicago, Ill., John W. Chambers, Atlanta, Ga., E. Smythe Gambrell, Charles A. Moye, Jr., Atlanta, Ga., Raymond, Mayer, Jenner & Block, Chicago, Ill., Gambrell, Harlan, Russell, Moye & Richardson, Atlanta, Ga., for appellant.

Clifford Oxford, William W. Epstein, Stanley P. Meyerson, Atlanta, Ga., Hatcher, Meyerson, Oxford & Irvin, Atlanta, Ga., for appellee.

Before TUTTLE, Chief Judge, BELL, Circuit Judge, and WHITEHURST, District Judge.

## PER CURIAM.

In order to work a reversal of the judgment of the trial court in this suit for fraud brought by the appellant against its former president, the appellant has the burden of convincing this court that the trial court erred in its conclusion that the appellee was not guilty of fraud and, also, that if he was so guilty, the trial court erred in finding that the loan of $400,000 in issue was not made in reliance upon any false representation or fraudulent concealment by Connett.

While a strong case can be made for a conclusion that the fiduciary relationship existing between Connett and his corpo-ration required a holding as a matter of law that the undisclosed benefit derived by him from the loan worked a fraud on the company, we need not decide this issue because this of itself would not further the appellant's case. This is true because the final conclusion by the trial court that the company would have concluded the transaction had it been in full possession of all the facts, can not be held by us to be clearly erroneous on this record. The trial court's judgment was based upon clear expressions by the directors of the corporation which constrained it to hold that the fact that Connett profited from the transaction would not have caused them to have acted differently with respect to the making of the loan.

The judgment must, therefore, be affirmed.